UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIFFANY L. BENSON**,

    Plaintiff,

v.                                            Case No: 8:23-CV-02251-WFJ-UAM

**CORNERSTONE HOSPICE
& PALLIATIVE CARE, INC.**

    Defendant.
_____/

## ORDER

This matter comes before the Court on Cornerstone Hospice & Palliative Care, Inc.'s ("Defendant") Motion to Dismiss (Dkt. 9) Tiffany L. Benson's ("Plaintiff") Complaint (Dkt. 1). Ms. Benson filed a Response in Opposition (Dkt. 23), and the Court heard oral argument on December 13, 2023. After careful consideration, the Court grants Cornerstone's Motion without prejudice.

## BACKGROUND

Defendant hired Plaintiff as a social worker in November 2021. Dkt. 1 ¶ 24. Soon after hiring her, Defendant informed Plaintiff that she must get the Covid-19 vaccine as a condition of employment. *Id.* ¶ 25. Plaintiff, who believed that getting the vaccine would be incompatible with her religious beliefs, obtained exemption documentation under Florida Statute § 381.00317. *Id.* ¶¶ 10, 26–27. Defendant

denied Plaintiff's request, explaining that it would not permit exemptions for employees who, like Plaintiff, were in an initial 90-day probationary window. *Id.* ¶¶ 26–30.

Plaintiff filed her first complaint with the EEOC on April 1, 2022.[1] *Id.* ¶ 32. In the complaint, she alleged that: "Cornerstone discriminated against me based on my religion (Seventh-day Adventist) in violation of Title VII of the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act and retaliated against me for objecting to their violation of HB 1B in violation of the Florida Private Whistleblower Act ("FPWA")."[2] Dkt. 9-1 at 1.

The parties reached a settlement, mediated by the EEOC, that permitted Plaintiff to return to work in October 2022 and required Defendant to assist her in obtaining her professional license. *Id.* ¶¶ 33–34. Plaintiff returned to work for four days in October 2022, but was not given the same hours she worked prior to her termination. *Id.* ¶¶ 34–35. Defendant told Plaintiff that it was unable to work around a conflict with her second job, while Plaintiff alleges that she made herself available for the same hours that were acceptable to both parties prior to her termination. *Id.*

---

[1] The April 2022 EEOC charge, which was referenced in the Complaint, Dkt. 1 ¶ 32, 55, 76, was attached as an exhibit to Defendant's Motion to Dismiss. Neither the settlement agreement nor the March 2023 EEOC charge were filed with the Court.

[2] "HB 1B" was codified at Fla. Stat. § 381.00317 (2021).

2

Plaintiff states that she suffered lost wages, benefits, and earning capacity, as well as other damages, because of the disagreement over hours. *Id.* ¶¶ 59, 83.

Plaintiff filed her second EEOC charge on March 24, 2023. *Id.* ¶ 20. On October 4, 2023, when her complaints were administratively exhausted, she filed suit in this Court. Dkt. 1. The Complaint alleges six causes of action: (1) breach of contract, for Defendant's alleged failure to comply with the settlement agreement; (2) Title VII religious discrimination, for Defendant's refusal to grant Plaintiff's religious exemption request; (3) retaliation for Plaintiff's first EEOC complaint, in violation of Title VII; (4) religious discrimination under the Florida Civil Rights Act (FCRA); (5) retaliation under the FCRA; and (6) retaliation under the FPWA. *Id.*

Defendant filed its Motion to Dismiss on November 2, 2023, asking the Court to dismiss Counts Two through Six. Dkt. 9 at 7. Defendant argues that each of these counts seeks to enforce the settlement agreement, which is properly done through a breach of contract claim. *Id.* at 8. At Defendant's request, the Court heard oral argument on December 13, 2023.

## LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## ANALYSIS

Ultimately, Counts II through VI all suffer from the same flaw: they "seek both the benefit of the settlement and the opportunity to continue to press the claim [Plaintiff] agreed to settle." *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984) (citing *Strozier v. General Motors Corp.*, 635 F.2d 424 (5th Cir. 1981)). For the reasons outlined below, the Court grants Defendant's Motion with leave to amend.

**A. Religious Discrimination and Retaliation Under Title VII and the FCRA**

*i. Religious Discrimination Claims*

Counts II and IV are charges of religious discrimination in violation of Title VII and the FCRA. Plaintiff states that "Defendant violated Title VII by subjecting Plaintiff to discrimination because of her religious beliefs by denying her religious exemption request and eventually terminating her." Dkt. 1 ¶¶ 47, 70. Defendant argues that Counts II and IV improperly ask the Court to enforce the settlement

agreement, and that the remedy for a breach of the agreement is the breach of contract claim in Count I. Dkt. 9 at 12–14.

Defendant relies on *Kirby v. Dole*. *Id.* at 14. *Kirby* acknowledged the "established principle that one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle." 736 F.2d at 664 (citing *Strozier*, 635 F.2d 426–27). *Kirby* doesn't state that a plaintiff can never seek relief in court for breach of a settlement agreement—just that a plaintiff cannot avail herself of both the remedy provided by the agreement and a lawsuit. *Id.* Further, *Kirby* implies that the appropriate relief in court for breach of a settlement agreement is a breach of contract claim, rather than fresh claims based on the same underlying conduct. *Id.* ("Without reinstating his complaint, appellant might have chosen to file suit in federal court, seeking an appropriate remedy *for the government's breach*.") (emphasis added).

Neither party filed the settlement agreement or the second EEOC charge as exhibits. This hampers the Court's task of determining whether Plaintiff is seeking to both benefit from the settlement agreement and continue to press the claim she settled. Ultimately, however, the Court agrees that Counts II and IV are due to be dismissed. Count I for breach of contract asks the Court to award damages for Defendant's alleged breach of the settlement agreement. Dkt. 1 ¶ 39. Counts II and IV seek damages and other relief for the same conduct that Plaintiff settled. *Id.* ¶¶

5

46–47, 50, 64, 70, 73. By filing all three counts, Plaintiff seeks "the benefit of the settlement and the opportunity to continue to press the claim [s]he agreed to settle." *Kirby*, 736 F.2d at 664.

*ii. Retaliation Claims*

Defendant argues that Plaintiff failed to state a claim for retaliation because breaching a settlement agreement is not an adverse activity and, even if it were, Plaintiff did not show causation. Dkt. 9 at 15–19. The Court finds that these counts suffer from a more fundamental flaw: like Counts II and IV, Counts III and V are a repackaged breach of settlement claim.

Plaintiff alleges that "Defendant violated Title VII by subjecting Plaintiff to retaliation for filing an EEOC Charge by failing to adhere to the material terms of their settlement," Dkt. 1 ¶ 56, and that "Defendant violated the FCRA by, among other things, retaliating against Plaintiff by refusing to adhere to the material terms of their settlement agreement," *id.* ¶ 80. Thus, these counts complain that Defendant failed to comply with the settlement agreement and fail for the same reason as Counts II and IV.

Should Plaintiff file an Amended Complaint, she must state facts showing some adverse action other than breach of the settlement agreement.[3] The Complaint

---

[3] Plaintiff can establish a rebuttable presumption of discrimination by showing that she: (1) is a member of a protected class; (2) was qualified; (3) suffered an adverse employment action; (4) was treated differently than similarly situated employees outside her class. *Tynes v. Fla. Dep't Juv.*

6

opaquely asserts that Defendant retaliated through "other things" as well. *Id.* ¶ 80. Plaintiff's Response alludes to post-settlement conduct that may form the basis of her discrimination claims. Dkt. 23 at 6–7. But these whiffs of allegation lack the factual content necessary for the Court to draw a reasonable inference of discrimination or retaliation.

The Court once again notes that, in ruling on this Motion, it is hindered by the parties' failure to enter the settlement agreement as an exhibit. Plaintiff has alleged that she was not restored to her pre-termination work hours. Dkt. 1 ¶ 35; Dkt. 23 at 5, 9, 11, 15. Under certain circumstances, a change in schedule could constitute an adverse action. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006). But the Complaint as written does not state facts allowing the Court to infer that an adverse action occurred in this case—nor does the Court make any such finding. Furthermore, it is possible that the terms of the settlement agreement provided for Plaintiff to return to her old schedule. Without the benefit of reviewing the agreement, the Court can only speculate.

---

*Just.*, --- F.4th ---, No. 21-13245, 2023 WL 8593114, at *3 (11th Cir. Dec. 12, 2023). She can establish a rebuttable presumption of retaliation by showing that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; (3) there is a causal connection between her protected activity and the adverse action. *Brown v. Ala. Dep't Transp.*, 597 F.3d 1160, 1181–82 (11th Cir. 2010).

**B. Florida Private Whistleblower Act**

Unlike Counts II through V, Count VI does not allege that Defendant retaliated by failing to comply with the terms of the settlement agreement. But like Counts II through V, Count VI is based on conduct that was alleged in Plaintiff's original EEOC charge. Thus, it should be dismissed. Count VI asserts that the pre-settlement termination was retaliation under the FPWA. Dkt. 1 ¶ 96. This is the substance of her FPWA allegation in the April 2022 EEOC charge. *see* Dkt. 9-1 at 1.

Even if Plaintiff were not seeking to bring the very claim she settled, Count VI is due to be dismissed for failure to state a claim. Plaintiff alleges that Defendant terminated her as retaliation "for objecting to the Covid-19 vaccine mandate," which itself violated Florida's law prohibiting private employers from imposing vaccine mandates without permitting religious exemptions. Dkt. 1 ¶¶ 93, 96. Defendant argues that Plaintiff must explicitly refer to the relevant Florida statute or otherwise indicate that she opposed Defendant's vaccine mandate in order to state a claim under the FPWA. Dkt. 9 at 20.

To establish a rebuttable presumption of retaliation under the FPWA, Plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and

the adverse action. *Smith v. Sox*, No. 2:23-cv-68-JES-NPM, 2023 WL 4157362, at *4 (M.D. Fla. June 23, 2023) (citation omitted).

While Plaintiff need not state facts showing that she explicitly referenced § 381.00317, her pleading must allow the Court to reasonably infer not only that she engaged in statutorily protected activity, but also the necessary casual link. Section 448.102(3) does not have a formal notice requirement but does contemplate that an employee has lodged a recognizable objection that would put the employer on notice. *Golf Channel v. Jenkins*, 752 So.2d 561, 567 (Fla. 2000); *see also Smith*, 2023 WL 4157362, at *4 (noting that plaintiff, whose employer refused to grant her a religious exemption to its Covid-19 vaccine mandate, failed to state a claim under the FPWA because she did not assert "how she objected to the vaccine policy to her employer other than by submitting the exemption"); *Leigh v. Artis-Naples, Inc.*, No. 2:22-CV-606-JLB-NPM, 2022 WL 18027780, at *13 (M.D. Fla. Dec. 30, 2022) (quoting *EEOC v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018)) ("Merely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation."). Plaintiff alleges that she objected to Defendant's mandate, Dkt. 1 ¶ 93, but provides no facts to support this conclusory statement. Thus, Count VI is due to be dismissed.

## CONCLUSION

Based on the foregoing, Cornerstone's Motion to Dismiss (Dkt. 9) is **GRANTED** without prejudice. Should Ms. Benson wish to amend, she should do so within twenty-one (21) days and should attach the October 2022 settlement agreement, the March 2023 EEOC charge, and any filings submitted to the Florida Commission on Human Relations to her Amended Complaint.

**DONE AND ORDERED** at Tampa, Florida, on December 18, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record